IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| DAVID RALPH DEARSTONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:06-CV-007 |
| | ) | |
| THE HARTFORD FINANCIAL SERVICES | ) | |
| GROUP, INC.; HARTFORD LIFE AND | ) | |
| ACCIDENT INSURANCE COMPANY; | ) | |
| HARTFORD-COMPREHENSIVE | ) | |
| EMPLOYEE BENEFIT SERVICE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants.[1] | ) | |

**MEMORANDUM OPINION**

This civil action was removed to this court under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*., as a suit to recover long-term disability insurance benefits ("LTD"). Now pending is "Plaintiff's Motion for District Judge to Conduct *de Novo* Review of Defendants' [sic] Motion to Strike Evidence and to Reject the Magistrate's Order" [doc. 25].

Appended to "Plaintiff's Motion for Summary Judgment [sic] and Other Relief" [doc. 10] is the July 12, 2005 medical record of Dr. Gregory Bedynek. Therein, Dr.

---

[1] By stipulation [doc. 15], The Hartford Financial Services Group, Inc. and Hartford-Comprehensive Employee Benefit Service were dismissed from this litigation. Use herein of the terms "defendant" or "Hartford" will therefore refer only to the sole remaining defendant, Hartford Life and Accident Insurance Company.

Bedynek expresses the opinion that two of plaintiff's physical difficulties are "not a preexisting condition." Dr. Bedynek's note, which postdates defendant's initial denial of the LTD claim, are purportedly relevant because the claim was denied under a preexisting condition clause. Dr. Bedynek's note, however, was not a part of the administrative record considered by defendant.

According to plaintiff, following the initial denial he spoke with a representative of defendant who told him "to send that letter to them and send a letter stating that I would like to appeal." Plaintiff states that he then submitted the document to defendant, although he has no proof of doing so.

Defendant's records indicate that plaintiff spoke with its employee by phone on July 29, 2005. The representative "[t]old [plaintiff] to send [Dr. Bedynek's note] and a letter from him stating he would like to appeal decision." [A.R. 35]. According to defendant, however, the note was never submitted and thus never considered.

On April 13, 2006, defendant filed a motion to strike evidence outside of the administrative record [doc. 16]. Citing the general rule that a district court cannot consider documents in an ERISA appeal that were not a part of the record considered by the plan administrator, defendant asked the court to strike both Dr. Bedynek's note and the August 23, 2005 record of Dr. Kevin Toppenberg, which was also attached to plaintiff's "summary judgment" filing.

2

Magistrate Judge Dennis H. Inman conducted a hearing on defendant's motion on May 16, 2006. By order entered the following day, Judge Inman granted the motion to strike, stating in material part:

> It is undisputed that the reports of Drs. Bedynek and Toppenberg were not part of the administrative record and therefore not considered by Hartford when it denied plaintiff's claim. As far as Toppenberg's report is concerned, plaintiff does not assert that he attempted to furnish that report to Hartford at any time . . . . With regard to Dr. Bedynek's report, plaintiff claims that he mailed it to Hartford's Sacramento office some time after July 29, 2005, but has no proof that he did so. Hartford . . . maintains that it never received that mailing. At this point, there are two possibilities: it is possible that this is an utter fabrication by plaintiff . . . ; or, it is possible that plaintiff in fact mailed Dr. Bedynek's report to Hartford's Sacramento office and it was lost in the mail itself, or lost or mis-filed by Hartford's Sacramento office. Inasmuch as Hartford acknowledges that plaintiff told it of Dr. Bedynek's report in a phone call on July 29, 2005[,] and that Hartford instructed plaintiff to mail or fax that report to Hartford, commonsense suggests that the plaintiff did mail Dr. Bedynek's report as he claims. To conclude otherwise would entail a further conclusion that plaintiff Dearstone was incredibly inattentive to his claim, which is rather unlikely.
>
> Nevertheless, even if it be assumed that plaintiff mailed Dr. Bedynek's report as he claims he did, the Court is still confronted with the undeniable fact that the letter was not included in the administrative record considered by Hartford, and that plaintiff and his attorneys knew or should have known as early as November 2, 2005, that Dr. Bedynek's letter was not within the record. And with respect to Dr. Toppenberg's report, there is no dispute that there was no attempt by plaintiff or his attorneys to furnish it to Hartford . . . . Such being the case, the Court really has no alternative except to **GRANT** the motion to strike the reports of Dr. Bedynek and Dr. Toppenberg.
>
> To state the obvious, this ruling applies only to plaintiff's Motion for Summary Judgment. Whether this Court should remand the administrative record back to Hartford with instructions that Bedynek's report of July 12, 2005, be included therein and that plaintiff's claim be reconsidered in light of that report, is beyond the scope of this order and the authority of the Magistrate Judge.

[Doc. 24]. Plaintiff then filed his motion for *de novo* review.

The court agrees with Magistrate Judge Inman that it is more likely than not that plaintiff submitted Dr. Bedynek's report to defendant. Further, the court particularly notes that defendant's representative told plaintiff that the report would be considered if submitted. Therefore, on the unique facts of this case, the court agrees with Magistrate Inman's observation that this matter should be remanded to Hartford with instructions to reconsider plaintiff's claim in light of Dr. Bedynek's report.[2]

An order consistent with this opinion will be entered. The court will retain jurisdiction, and this matter will be stayed, pending defendant's ultimate decision. *See Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535 (6th Cir. 2004). All pending motions will be denied as moot.

ENTER:

                                                                        s/ Leon Jordan
                                                          United States District Judge

---

[2] The court's conclusion pertains *only* to Dr. Bedynek's July 12, 2005 office note as appended to plaintiff's "summary judgment" filing. Plaintiff has offered no meritorious argument why the notes of Dr. Toppenberg or any other source should be made a part of the administrative record.